UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHN ALLEN MARSHALL,

        Plaintiff,

v.

KIM RICHARDSON et al.,

        Defendants.
_____/

Case No. 1:19-cv-45

Honorable Janet T. Neff

## **OPINION**

This is a civil rights action brought by a jail detainee under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint because Plaintiff fails to state a claim under federal law, and the Court declines to exercise jurisdiction over any claims arising under state law.

**Discussion**

I.      Factual allegations

Plaintiff John Allen Marshall is presently detained at the Kent County Correctional Facility. Plaintiff sues the following officials: Kent County Prosecutors Kim Richardson, Blair Lachman, and Alex Grimes, as well as Grand Rapids Police Officer Patrick Loeb.

Plaintiff alleges that Officer Loeb arrested him on December 24, 2016, for first degree criminal sexual conduct (CSC), and detained him in Kent County Jail based on "false allegation[s] and charges." (Compl., ECF No. 1, PageID.3.) Three days later, Defendants Richardson, Lachman, Grimes, and another prosecutor arraigned Plaintiff for second degree CSC. Plaintiff contends that he was falsely accused of these charges, and that his detention caused him to lose his job and his place of residence, and harmed his reputation in the community.

On September 20, 2017, the state court dismissed the CSC charge. According to an order attached to Plaintiff's complaint, the prosecutor dismissed the charge because the victim could not be located. (ECF No. 1-1, PageID.8.) Plaintiff's present detention appears to be unrelated to the charges at issue in the complaint.

Based on the foregoing, Plaintiff contends that Defendants subjected him to unlawful imprisonment and "agravative [sic] prosecution," and slandered his name. (Compl., PageID.4.) He asks the Court to award him punitive and compensatory damages, including lost wages, for the 274 days of his "unlawful" detention and the other injuries he suffered. (*Id.*)

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

    A.  Malicious Prosecution

Plaintiff contends that Defendants prosecuted him based on false allegations. The Sixth Circuit has recognized the existence of a claim of malicious prosecution arising under the Fourth Amendment, which is cognizable in an action under § 1983. *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (citing *Wallace v. Kato*, 549 U.S. 384, 390 n.2 (2007) (assuming without deciding that such a claim existed)). To succeed on a malicious prosecution claim under § 1983, a plaintiff must show that: (1) a prosecution was initiated against the plaintiff and that the defendant participated in the decision; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty as a consequence of the legal proceedings; and (4) the criminal proceeding was resolved in the plaintiff's favor. *Id.* at 308-09; *accord Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015).

1. Defendants Richardson, Lachman, and Grimes

As prosecutors, Defendants Richardson, Lachman, and Grimes are entitled to absolute immunity for their actions in prosecuting a criminal action against Plaintiff. Absolute immunity protects from suits brought under § 1983, including those claiming malicious prosecution. *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010); *Grant v. Hollenbach*, 870 F.2d 1135, 1136 n.1 (6th Cir. 1989). The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003). For instance, a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). In contrast, a prosecutor is not entitled to immunity for investigatory or administrative functions that

are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. Here, Plaintiff alleges only that Defendants Richardson, Lachman, and Grimes were involved in prosecuting a case against him. They are entitled to absolute immunity for that conduct, even if they relied on false allegations for the prosecution. *See Koubriti*, 593 F.3d at 467 (noting that prosecutorial immunity "'extend[s] to the knowing use of false testimony before the grand jury and at trial.'" (quoting *Burns*, 500 U.S. at 484)). Plaintiff has not alleged any conduct by Defendants Richardson, Lachman, or Grimes that would fall outside the scope of prosecutorial immunity. Accordingly, Plaintiff does not state a viable claim against them.

2. Defendant Loeb

Officer Loeb does not enjoy prosecutorial immunity, but Plaintiff does not state a malicious prosecution claim against him. Plaintiff merely alleges that Officer Loeb arrested and detained him. He does not allege any facts indicating that Officer Loeb participated in a decision to prosecute him. A malicious prosecution claim fails where "the defendant did not make, influence, or participate in the decision to prosecute." *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007).

Moreover, even if Loeb did participate in the prosecution, Plaintiff does not allege that Loeb lacked probable cause for that prosecution. Plaintiff contends that the accusations against him were false. He does not allege that Loeb was the source of the accusations or was aware that they were false. "'Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.'" *United States v. McClain*, 444 F.3d 556, 562 (6th Cir. 2005) (quoting *United States v. Ferguson*, 8 F.3d 385, 392 (6th Cir. 1993) (en banc)). Probable cause can be supported by false accusations from a third party, as long as the one

5

making the probable cause determination takes into account the totality of the circumstances and is not aware that the accusations are false. *See Franklin v. Miami Univ.*, 214 F. App'x 509, 511-13 (6th Cir. 2007) (an eyewitness statement is sufficient to establish probable cause unless, "at the time of the arrest, there is an apparent reason for the officer to believe that the eyewitness was lying . . . ." (quoting *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999)). Thus, even if the victim falsely accused Plaintiff, that does not necessarily mean that Officer Loeb lacked probable cause to prosecute him. *See Klein v. Long*, 275 F.3d 544, 552 (6th Cir. 2001) ("[A] victim's accusation that she had been sexually assaulted by the plaintiff, standing alone, [can be] sufficient to establish probable cause.")

In short, Plaintiff has not alleged facts from which to infer either participation by Loeb in the decision to prosecute Plaintiff or lack of probable cause for that prosecution. Accordingly, Plaintiff fails to state a malicious prosecution claim against Loeb under § 1983.

B. Unlawful Arrest and Imprisonment

For similar reasons, Plaintiff fails to state a claim against Defendant Loeb for unlawful arrest and imprisonment. "A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005). "[I]t is well established that any arrest without probable cause violates the Fourth Amendment." *Crockett v. Cumberland College*, 316 F.3d 571, 580 (6th Cir. 2003).

Here, Plaintiff merely alleges, without elaboration, that his arrest and detention were based on false allegations and charges. As discussed above, Plaintiff does not allege any facts from which to reasonably infer that when Officer Loeb arrested and detained Plaintiff, Loeb lacked probable cause for his actions.

C. Slander

Plaintiff also contends that Defendants subjected him to slander. This claim is not cognizable under § 1983. There is no federal or constitutional protection against statements that harm a person's reputation. *See Paul v. Davis*, 424 U.S. 693, 712-13 (1976) (defamation claim not cognizable under § 1983); *Azar v. Conley*, 456 F.2d 1382, 1389 (6th Cir. 1972) ("[T]he Civil Rights Act does not give rise to a cause of action for slander."). Thus, Plaintiff's assertion that Defendants slandered him does not state a claim under § 1983.

In summary, Plaintiff does not state a claim under § 1983.[1]

III. <u>Supplemental Jurisdiction</u>

To the extent Plaintiff states a claim under state law, such as his claim that Defendants slandered his reputation, the Court declines to exercise jurisdiction over such claims. Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted*, 927 F.2d 909, 917 (6th Cir. 1991); *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998). Accordingly, Plaintiff's state law claims will be dismissed without prejudice.

---

[1] The Court does not express an opinion as to whether Plaintiff's allegations suffice to state claims for malicious prosecution, false arrest, or false imprisonment *under state law*.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the complaint will be dismissed. Plaintiff fails to state a claim under federal law. The Court declines to exercise supplemental jurisdiction over any of his claims arising under state law.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   February 7, 2019                              /s/ Janet T. Neff
                                                       Janet T. Neff
                                                       United States District Judge